UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

SHANNA T. RUBIO                                         CIVIL ACTION

VERSUS                                                  NO: 08-4679

SUN LIFE ASSURANCE COMPANY                              SECTION: "C" (5)
OF CANADA

**ORDER AND REASONS**

Before the Court are the administrative record and the parties' trial briefs. (Rec. Docs. 13, 14). The parties, by joint motion (Rec. Doc. 10), agreed to try the case on the record and briefs, and the Court heard oral argument on the briefs on November 18, 2009, and took them under submission. Based on the memoranda by parties, the record in this case, and the applicable law, the Court now rules that plaintiff Shanna T. Rubio's claims for relief against defendant Sun Life Assurance Company of Canada ("Sun Life") are DENIED.

**I. Background**

Javier Rubio, plaintiff's husband, was employed as a joiner at US Joiner, LLC. (Rec. Docs. 13-3 at 15; 13-4 at 2). His effective date of hire was January 1, 2004. (Rec. Doc. 13-4 at 7). Almost two years later, on December 20, 2005, Mr. Rubio signed and submitted a Group Enrollment Form (Rec. Doc. 13-3 at 32) and Optional Life Enrollment Form (Rec. Doc. 13-3 at 30). In January 2006, US Joiner began deducting the life insurance premiums from his payroll to pay for this coverage, and Sun Life accepted these payments. (*See* Rec. Doc. 13-3 at 85). On January 26, 2006, he signed and submitted an "Evidence of Insurability Application – Health Questionnaire," ("EOI") for his Optional Life Insurance coverage, but left blank boxes for "Date

1

of birth," "height," and "weight."  (Rec. Doc. 13-3 at 1).  On March 28, 2006, Sun Life sent Mr. Rubio a letter requesting that information, noting that it was needed "[b]efore we can reach a final decision regarding your application."  (Rec. Doc. 13-3 at 4).  Sun Life's records also indicate that three phone calls were made to the Rubios on February 13-15, 2006, and that voice-mails were left on each occasion.  (Rec. Doc. 13-3 at 3).

Mr. Rubio was killed in a motorcycle accident on May 18, 2007.  (Rec. Doc. 13-3 at 42-44).  On behalf of Mrs. Rubio, US Joiner submitted insurance claims to Sun Life, including a claim for optional life insurance.  (Rec. Doc. 13-3 at 33).  On December 20, 2007, Sun Life, by its claims administrator, issued a final determination denying Optional Life Insurance benefits to Mrs. Rubio.  Mrs. Rubio now appeals that determination.  (Rec. Doc. 1).

**II.  Law and Analysis**

*a.  Standard of Review*

The Sun Life plan in this lawsuit is governed by the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 *et seq*.  As such, the Court has the discretionary authority to review Sun Life's decision to deny optional life insurance benefits to Mrs. Rubio.  *See Chapman v. Prudential Life Ins. Co. of Amer.*, 267 F.Supp.2d 569, 575-76 (E.D.La. 2003).

When reviewing a denial of benefits made by an ERISA administrator, this Court should apply a de novo standard of review, "unless the benefit plan gives the administrator or fiduciary discretionary authority to determine eligibility for benefits or to construe the terms of the plan." *Firestone Tire & Rubber Co. v. Bruch*, 489 U.S. 101, 115 (1989). Here, the Sun Life plan clearly

2

confers upon Sun Life discretionary authority: "The Plan Administrator has delegated to Sun Life its entire discretionary authority to make all final determinations regarding claims for benefits under the benefit plan insured by this Policy. . . . Any decisions made by Sun Life in the exercise of this authority including review of denials of benefit, is conclusive and binding on all parties. Any court reviewing Sun Life's determinations shall uphold such determination unless the claimant proves Sun Life's determinations are arbitrary and capricious." (Rec. Doc. 13-5 at 1). Accordingly, this Court must apply an abuse of discretion standard of review to Sun Life's decision to deny Mrs. Rubio's claim for optional life insurance benefits.

Under the abuse of discretion standard in ERISA cases, the 5th Circuit applies a two part test: "First, a court must determine the legally correct interpretation of the plan. If the administrator did not give the plan the legally correct interpretation, the court must then determine whether the administrator's decision was an abuse of discretion." *Wildbur v. ARCO Chemical Co.*, 974 F.2d 631, 637 (5th Cir. 1992).

*b. Application*

Mrs. Rubio argues that the enrollment forms filled out by Mr. Rubio were ambiguous on their face, and should be construed against Sun Life. (Rec. Doc. 13 at 10-11). She emphasizes that Mr. Rubio had no effective notice that he was not insured, and that he reasonably assumed that his monthly payments were towards approved coverage. *Id.*

The Optional Life Enrollment form included an acknowledgment that reads "If I decline coverage now and want it at a later date, I will have to provide evidence of insurability acceptable to Sun Life Assurance Company of Canada." (Rec. Doc. 13-3 at 30). This form and the Group Enrollment Form were both signed on the same day–December 20, 2005. (Rec. Docs.

3

30, 32).  Because the forms were filled out on the same day, Mrs. Rubio argues that no EOI was necessary–Mr. Rubio was not requesting coverage "on a later date" as contemplated by the form. (Rec. Doc. 13 at 5).  Further, the EOI that Mr. Rubio eventually did submit included in the Certification block a statement that "My EOI Application may be denied and I may be refused insurance if Sun Life Assurance Company of Canada ("The Company") determines that I am not insurable.  If the Company determines that I am not insurable, it will explain in writing the basis of its determination."  (Rec. Doc. 13-3 at 2).  Sun Life never made such a determination, or sent any such letter.  Instead, it sent one letter, in March 2006, that indicated the deficiencies in the submitted EOI and a warning that "[i]f your [90 day] deadline passes and we do not have the information needed to make a decision, we will require that a new Evidence of Insurability form is completed and submitted to us along with the requested information."  (Rec. Doc. 13-3 at 4). There is no evidence of any attempts on the part of Sun Life to notify either Mr. Rubio or US Joiner that his optional life insurance had not been approved after this March 2006 letter. Indeed, it appears that Sun Life was content to allow Mr. Rubio and US Joiner to continue paying for this unapproved policy indefinitely.

As the Court noted at oral argument, the facts of this case support a finding that Sun Life's forms were misleading and ambiguous, and that Mr. Rubio's belief that he was covered was reasonable.  Unfortunately for Mrs. Rubio, ERISA law nonetheless prevents the Court finding coverage in this instance.  Under clearly established precedent, it is the plan documents, not the enrollment forms, that control Mr. Rubio's legally reasonable expectations, and Sun Life's plan documents are unambiguous.  *Curtiss-Wright Corp. v. Shoonejongen*, 514 U.S. 73, 83 (1995) ("[ERISA] is built around reliance on the face of written plan documents."); *see Mello*

4

*v. Sara Lee Corp.*, 431 F.3d 440 (5th Cir. 2005) (plaintiff's reliance on documents other than plan documents not reasonable).[1] Under the terms of the plan, Mr. Rubio became eligible for insurance on his date of hire, January 1, 2004. (Rec. Doc. 13-4 at 26). His contributory insurance, applied for on December 20, 2005, (more than 31 days after his eligibility date) was effective under the plan on "the date Sun Life approves the Employee's Evidence of Insurablity." (Rec. Doc. 13-4 at 27). It is undisputed that Sun Life never affirmatively approved Mr. Rubio's optional insurance.

The Fifth Circuit has also limited the availability of an estoppel argument in ERISA cases.[2] In *Melo*, that court established a three part test for determining whether a plan administrator is estopped from denying coverage: "(1) a material misrepresentation; (2) reasonable and detrimental reliance upon the representation; and (3) extraordinary circumstances." 431 F.3d at 444-45. They made clear that even when a material misrepresentation is present, reliance on that representation "can seldom, if ever, be reasonable or justifiable if it is inconsistent with the clear an unambiguous terms of the plan documents available to or furnished to the party." 431 F.3d at 447 (quoting *Sprague v. GMC*, 133 F.3d 388, 404 (6th Cir. 1998).

In this case, the implication by the enrollment documents that an EOI was not necessary,

---

[1] Courts in ERISA cases have never considered Evidence of Insurability forms or enrollment forms to be "plan documents." Indeed, at oral argument Rubio's counsel expressly argued that they were *not* plan documents to support his claim that state contract law should govern the interpretation of those documents. However, ERISA preempts "any and all State laws insofar as they now or hereafter relate to any employee benefit plan." 29 U.S.C. § 1144(a); *Reliable Home Health Care v. Union Central Insurance Co.*, 295 F.3d 505, 515 (5th Cir.2002).

[2] Rubio does not raise an estoppel argument, but given the facts of the case the Court is compelled to briefly address why such an argument would not succeed.

5

and by the EOI that an affirmative denial would be forthcoming if Mr. Rubio were not approved, contradict the plan document's clear language that an EOI was required, and that the optional coverage was not effective until Sun Life affirmatively approved the EOI. As such, the plan documents control, Mr. Rubio's reliance on the contradictory non-plan documents was not reasonable, and the administrator did not abuse its discretion in denying coverage.

As noted above, reasonable employees are likely to place equal (or greater) weight on enrollment forms or personal correspondence than the legally controlling plan policy documents, ERISA caselaw notwithstanding. Forms such as those used by Sun Life to notify customers of their obligations and coverage status are, in the Court's view, a trap for the unwary that can be used by insurance companies to avoid their obligations to customers. It is therefore with regret that the Court recognizes its obligation to rule for Sun Life in this matter.

Accordingly,

IT IS ORDERED that Mrs. Rubio's claims against Sun Life are DENIED.

New Orleans, Louisiana, this 13th day of December, 2009.

								_____
								**HELEN G. BERRIGAN**
								**UNITED STATES DISTRICT JUDGE**